## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY        |
910 17th Street, N.W., 7th Floor        |
Washington, DC 20006-2606,        |
                                   |
    Plaintiff,        |
                                   |
v.                                 |          Civil Action No. 18-2434
                                   |
U.S. DEPARTMENT OF DEFENSE        |
1600 Pentagon 3E788                |
Washington, DC 20301-1600,        |
                                   |
    Defendant.        |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Center for Public Integrity ("the Center"), brings this action for declaratory

and injunctive relief, alleging as follows:

### Nature of Action

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, as amended, to compel the production of certain agency records.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B),

28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3.      Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

1391.

### Parties

4.      Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-

exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism

organization based in Washington, D.C. The Center's mission is "[t]o serve democracy by

revealing abuses of power, corruption and betrayal of public trust by powerful public and private

institutions, using the tools of investigative journalism." "About The Center for Public Integrity,"

http://www.publicintegrity.org/about. Plaintiff is the requester of the withheld records.

5.       Defendant, U.S. Department of Defense, is an agency of the United States.

Defendant has possession of and control over the records that Plaintiff seeks.

## Plaintiff's First Freedom of Information Request

6.       On April 4, 2018, Plaintiff requested from the U.S. Strategic Command, a

component of the Defense Department:

> all records associated with contracts and/or grants awarded individually to Keith
> Payne and/or the National Institute for Public Policy (DUNS No. 077413250)
> between Jan. 1, 2000 and such a time that this request is closed through disclosure
> of responsive records. Responsive records should include but not be limited to all
> pre-award materials including but not limited to solicitations of interest, RFP;
> contract modifications; descriptions of the work done under the contracts;
> financial details of the contracts and their durations. Responsive records will also
> include but not be limited to direct contracts with either of the entities named
> above as well as subcontracts, personal services contracts, consulting
> arrangements, or any type of contractual payment submitted by contractors or
> contractor consortia to the Department of Defense for reimbursement of payments
> made to either entity. Examples of some known contracts with these entities
> issued in FY 2016 include HQ0147-10-D-0037 (MIDA/MiDAE), HQ0147-10-D-
> 0030-0003 (MIDA/MiDAE), HQ0147-10-D-0011-0005 (MiDAESS/BAH),
> HQ0147-16-C-0011-0038 (TEAMS BAH), HQ0147-16-C-0057 (TEAMS
> SABG), and FA4600-15-D-9001 (SAIC/USAMS III).

The U.S. Strategic Command referred this request to the 55th Wing FOIA Office at Offutt Air

Force Base, Nebraska.

7.       Plaintiff has not received from Defendant records responsive to Plaintiff's request

nor a determination on Plaintiff's request.

8.       More than twenty working days have passed since Defendant received Plaintiff's

request. Plaintiff has therefore exhausted all applicable administrative remedies.

9.      Plaintiff has a statutory right to the withheld records, and there is no legal basis

for Defendant's failure to make them available to Plaintiff.

### Plaintiff's Second Freedom of Information Request

10.     On April 5, 2018, Plaintiff requested from the Defense Department:

all records associated with contracts and/or grants awarded individually by the
Office of the Secretary of Defense and/or Deputy Assistant Secretary of Defense
for Nuclear and Missile Defense Policy and/or Under Secretary of Defense for
Policy and the Assistant Secretary of Defense for Strategy, Plans, and Capabilities
to Keith Payne and/or the National Institute for Public Policy (DUNS No.
077413250) between Jan. 1, 2000 and such a time that this request is closed
through disclosure of responsive records. Responsive records should include but
not be limited to all pre-award materials including but not limited to solicitations
of interest, RFP; contract modifications; descriptions of the work done under the
contracts; financial details of the contracts and their durations. Responsive records
will also include but not be limited to direct contracts with either of the entities
named above as well as subcontracts, personal services contracts, consulting
arrangements, or any type of contractual payment submitted by contractors or
contractor consortia to the Department of Defense for reimbursement of payments
made to either entity.
(Date Range for Record Search: From 1/1/2000 To 4/5/2018)

The Defense Department assigned Case Number 18-F-0765 to this request.

11.     Plaintiff has not received from Defendant records responsive to Plaintiff's request

nor a determination on Plaintiff's request.

12.     More than twenty working days have passed since Defendant received Plaintiff's

request. Plaintiff has therefore exhausted all applicable administrative remedies.

13.     Plaintiff has a statutory right to the withheld records, and there is no legal basis

for Defendant's failure to make them available to Plaintiff.

### Plaintiff's Third Freedom of Information Request

14.     On April 6, 2018, Plaintiff requested from the Defense Department:

all records associated with contracts, personal service agreements, consulting
agreements or any other type of contractual pact entered by the office of the
Under Secretary of Defense for Policy and/or any other subset of the Department

of Defense for work associated with the 2018 Nuclear Posture Review.
Responsive records should include but not be limited to basis for issuing the
contract (including but not limited to presolicitation materials, RFPs, and/or
formal or informal communications initiating discussions about applicable
contractual arrangements), financial terms of the contracts, the scope of the work
expected and the contracts' durations.
(Date Range for Record Search: From 1/1/2017 To 4/6/2018)

The Defense Department assigned Case Number 18-F-0789 to this request.

15.     Plaintiff has not received from Defendant records responsive to Plaintiff's request

nor a determination on Plaintiff's request.

16.     More than twenty working days have passed since Defendant received Plaintiff's

request. Plaintiff has therefore exhausted all applicable administrative remedies.

17.     Plaintiff has a statutory right to the requested records, and there is no legal basis

for Defendant's failure to make them available to Plaintiff.

### Plaintiff's Fourth Freedom of Information Request

18.     On July 27, 2018, Plaintiff requested from the Department of Defense Education

Activity (DoDEA), a component of the Defense Department:

1. Detailed records of grants and/or gifts from private corporations and/or
government entities (state and/or federal) specifically benefitting Missouri State
University's Defense and Security Studies program and/or Graduate Countering
Weapons of Mass Destruction Certificate program at National Defense
University. This request seeks all records associated with any gifts or grants,
including but not limited to amounts of the grants, award letters that accompanied
them, letters that solicited them and records describing how those funds were
spent.
2. Records of any government contracts carried out by or assisted by Missouri
State University's Defense and Security Studies program and/or Graduate
Countering Weapons of Mass Destruction Certificate program between its
inception at National Defense University and such a time that this request is
deemed closed through disclosure of all responsive records. Responsive records
should include but not be limited to any correspondence with the government
related to contracts, dollar values of those contracts, bid submission materials the
programs remitted to the government in pursuit of contracts and an explanation of
how the funds generated by those contracts were spent by the university.

3. A list or lists of all personnel and/or faculty in Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program at National Defense University and payroll records for all personnel and/or faculty within Missouri State University's Defense and Security Studies program and Graduate Countering Weapons of Mass Destruction Certificate program at National Defense University.

4. A list of all graduates from Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program at National Defense University, including year of graduation, since the program has been affiliated with NDU.

5. Detailed financial records of Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program at National Defense University, including all sources of revenue supporting the program and all expenditures of resources by Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program at National Defense University between the inception of the program's affiliation with NDU and such a time as this request is deemed closed through disclosure of responsive records.

6. All communication between any National Defense University employees and any personnel/administrators of Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program at National Defense University that reference the terms "Nuclear Posture Review" and/or "NPR" between Jan. 1, 2016, and such a time as this request is deemed closed through disclosure of all responsive records. Responsive records should include but not be limited to emails (including any stored in a "trash" file), letters, memos and/or reports.

19.     Plaintiff has not received from Defendant records responsive to Plaintiff's request nor a determination on Plaintiff's request.

20.     More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies.

21.     Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

### **Plaintiff's Fifth Freedom of Information Request**

22.     On July 27, 2018, Plaintiff requested from DoDEA:

1. Records of any Joint Chiefs of Staff decision and/or any decision action at the National Defense University level related to a potential or actual affiliation with

Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program. Responsive records should include but not be limited to votes by any government body authorizing said action, all correspondence or communication related to the possibility of an affiliation between Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program and National Defense University; all contracts, memoranda and/or other records formally establishing that affiliation; and all records extending, continuing or otherwise prolonging Missouri State University's Defense and Security Studies program and/or Graduate Countering Weapons of Mass Destruction Certificate program's affiliation with National Defense University.

2. This request also seeks all correspondence to and/or from any member of the Joint Chiefs of Staff or anyone employed by the Joint Chiefs referencing the Graduate Countering of Weapons of Mass Destruction and/or CWMD program at National Defense University and/or NDU between Jan. 1, 2003, and such a time as this request is deemed closed through disclosure of responsive records.

23.     Plaintiff has not received from Defendant records responsive to Plaintiff's request nor a determination on Plaintiff's request.

24.     More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies.

25.     Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

## **Plaintiff's Sixth Freedom of Information Request**

26.     On July 27, 2018, Plaintiff requested from DoDEA:

All records of payments to Keith Payne for his work on U.S. Strategic Command's Senior Advisory Group from the time he joined it until such a time that this request is deemed closed through disclosure of all responsive records. Additionally, this request seeks records of all payments to Keith Payne for his role in writing the 2018 Nuclear Posture Review. Additionally, this request seeks minutes, reports and all other records generated by the U.S. Strategic Command's Senior Advisory group and its Policy Panel between Jan. 1, 2005, and such a time that this request is deemed closed through disclosure of all responsive records.

27.     Plaintiff has not received from Defendant records responsive to Plaintiff's request nor a determination on Plaintiff's request.

28.     More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies.

29.     Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

### Plaintiff's Seventh Freedom of Information Request

30.     On August 6, 2018, Plaintiff requested from the Defense Department:

All contracts and/ or agreements issued for work associated with the 2018 Nuclear Review. Responsive records should include but not be limited to names of participants, their contracts or other forms of agreement, amount they were paid, and titles or rolls held in the process of crafting the Nuclear Posture Review.

The Defense Department assigned Case Number 18-F-1488 to this request.

31.     Plaintiff has not received from Defendant records responsive to Plaintiff's request nor a determination on Plaintiff's request.

32.     More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies.

33.     Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

### Demand for Relief

WHEREFORE, Plaintiff requests that this Court:

1.     Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

2.     Order Defendant to make the requested records available to Plaintiff;

3.     Award Plaintiff its costs and reasonable attorneys' fees in this action; and

4.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


_____/S/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff